# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA RUSHING MURPHY,** | ) | |
| **as Personal Representative of the** | ) | |
| **Estate of Jerry Lenson Murphy,** | ) | |
| **deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:16-cv-143-WKW-DAB** |
| | ) | |
| **ROBERT C. PRECISE, D.M.D.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# REPORT AND RECOMMENDATION

Plaintiff Cynthia Rushing Murphy, as personal representative of the Estate of Jerry Lenson Murphy, deceased, alleges dental malpractice by the Defendant, Robert C. Precise, D.M.D., resulting in the death of her husband, Jerry Murphy. This matter is before the court on the Defendant's motion for summary judgment and memorandum in support (Docs. 22, 23), Plaintiff's response and evidentiary submission in opposition (Docs. 28, 29), and Defendant's reply (Doc. 30). The parties have been afforded an opportunity to fully brief the matter, and the court heard argument on April 18, 2017. For the reasons stated herein, it is the **RECOMMENDATION** of the undersigned that the motion for summary judgment be **DENIED**.

## I.    JURISDICTION

This court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as to Plaintiff's cause of action. The parties do not contest personal jurisdiction or venue, and the court finds sufficient information of record to support both. *See* 28 U.S.C. § 1391. On

January 5, 2017, the above-styled matter was referred to the undersigned for recommendation on all pretrial matters by Chief United States District Judge William K. Watkins. (Doc. 19); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

## II.    STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  However, when faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Southwest Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must

prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1263 (quoting *Anderson*, 477 U.S. at 251–52).

III.    **BACKGROUND AND STATEMENT OF MATERIAL FACTS**

Plaintiff filed this action in March 2016 following the death of her husband, Jerry Lenson Murphy ("Murphy"), due to the alleged dental malpractice by Defendant, Dr. Robert Precise. (Doc. 1).   Plaintiff alleges Murphy was a 67-year-old Florida resident who presented to Defendant's dental practice Dixieland Dental in Midland City, Alabama, on March 5, 2014, to have several teeth extracted and new teeth added to his existing partial dentures.  *Id.* ¶ 8.  Murphy was initially evaluated by Defendant at 10:30 a.m. that morning. *Id.* ¶ 9.  Plaintiff claims that during the evaluation Defendant learned or should have learned of Murphy's active medical and medication history.  *Id.*  Murphy's medical history included osteoarthritis, dyslipidemia, type II diabetes, coronary artery disease, high blood pressure, and recent stroke.  *Id.*  Plaintiff asserts that Defendant did not chart Murphy's blood pressure or other vital signs at that time, nor did he seek approval for the dental procedure from Murphy's primary physician or any of his other providers. *Id.* ¶ 10.

Following the evaluation, Murphy left the office to return at 2:00 p.m. for the extractions and placement of partial dentures.  *Id.* ¶ 11.  Murphy returned to the office in the afternoon, and sometime after 3:00 p.m., he was reportedly administered "2.00 total carpules of Lidocaine with Epinephrine 1:100,000," and four or more teeth were extracted.  *Id.*  Immediately following the procedure, Murphy became disoriented, diaphoretic, and unresponsive. *Id.* ¶ 12.   He was transported by EMTs to Flowers Hospital and shortly thereafter transferred to Southeast Alabama Medical Center where he was diagnosed as having suffered "a massive pontine hemorrhage

extending into the ventricles without hydrocephalus." *Id.* Murphy was determined to be non-surgical and subsequently died on March 8, 2014. *Id.*

There were no pre-surgical, surgical, or post-surgical blood pressures contemporaneously recorded in Murphy's Dixieland Dental records. *Id.* ¶ 13. The records, however, included handwritten notes created by Defendant thirteen days after surgery in which he concludes Murphy's pre-operative blood pressure was 174/87 and his blood pressure after becoming unresponsive was 228/129. *Id.*

Plaintiff sued Defendant for dental negligence and breach of the applicable standards of care in (1) failing to properly evaluate Murphy's medical condition and/or obtain pre-procedure medical clearance; (2) undertaking extraction of four or more of Murphy's teeth; (3) failing to refer Murphy to an oral surgeon for evaluation and possible treatment; and (4) administering two or more carpules of Lidocaine with Epinephrine 1:100,000 to Murphy. *Id.* ¶ 16.

In support of her allegations and claims for damages, Plaintiff relies on the testimony of two experts: Dr. Rothrock and Dr. Garcia. Defendant moved to exclude the causation opinions of these two experts. (Doc. 21). The court has entered an order granting in part and denying in part Defendant's motion. The court held Dr. Rothrock was permitted to testify as to the following two causation opinions:

> 1.      Given the temporal relationship between the dental procedure on    March 5 and the onset of Mr. Murphy's stroke signs and     symptoms, I consider it a matter of medical probability that Mr. Murphy's pontine hemorrhage and consequent death represented a direct consequence of the dental procedure performed.

> 2.      Given Mr. Murphy's known history of hypertension requiring treatment with multiple antihypertensive medications, the high likelihood that his chronic hypertension had produced associated weakening of the walls of the basilar branch arteries supplying the pons and the apparent blood pressure recording of 228/129 found at the time of Mr. Murphy's acute stroke, I consider it a matter of medical probability that the pontine hemorrhage occurred as a specific consequence of acute

hypertension associated with the March 5 dental procedure. Again the plaintiffs [sic] death probably resulted from the dental procedure involving extraction of multiple teeth.

(Doc. 26-1 at 5).

## IV.    MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant moves for summary judgment on all of Plaintiff's claims arguing Plaintiff is unable to establish the element of causation in this dental malpractice/wrongful death action. (Docs. 22, 23). Specifically Defendant submits that because Plaintiff's causation experts are due to be excluded, Plaintiff cannot meet her burden of presenting evidence that the alleged malpractice on the part of Defendant probably caused Murphy's death. (Doc. 23 at 2). Defendant incorporates his arguments to that Drs. Rothrock and Garcia fail to meet the criteria for admissible expert testimony under Fed. R. Evid. 702 and as set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993) and its progeny. *See* (Doc. 21). Defendant argues that exclusion of the causation opinions leaves Plaintiff with no viable evidence on the issue of causation. Indeed, at the hearing on the motions, Defendant conceded his summary judgment motion rises and falls on the court's ruling on his motion to exclude Plaintiff's causation experts.

In her response, Plaintiff observes that Defendant does not appear to dispute that there is sufficient evidence that Defendant was medically negligent in relation to the dental procedures. (Doc. 28 at 2). Rather, Defendant's challenge on this motion is to the element of causation only. Like Defendant, Plaintiff concedes the outcome of this motion is tied to the court's ruling on the *Daubert* motions. Plaintiff's response incorporates the arguments she made and evidentiary submissions submitted opposing the Defendant's *Daubert* challenges. (Docs. 26, 27).

As discussed above, Defendant's motion to exclude the causation opinions was granted only in part, and Dr. Rothrock will be permitted to testify as to his first two causation opinions.

## V.	DISCUSSION

In a medical malpractice case under Alabama law, "the plaintiff ordinarily must present expert testimony from a 'similarly situated health-care provider' as to (1) 'the appropriate standard of care,' (2) a 'deviation from that standard [of care],' and (3) 'a proximate causal connection between the [defendant's] act or omission constituting the breach and the injury sustained by the plaintiff." *Lyons v. Walker Reg'l Med. Ctr.*, 791 So. 2d 937, 942 (Ala. 2000) (quoting *Pruitt v. Zeiger*, 590 So.2d 236, 238 (Ala. 1991)).  On the issue of causation, Alabama's Medical Liability Act, requires a plaintiff "provide evidence indicating that the negligence alleged is the proximate and *probable* cause of [the plaintiff's] injury; a mere possibility or one possibility among others is insufficient to meet the burden of proof."  *Graves v. Brookwood Health Servs., Inc*., 43 So. 3d 1218, 1223 (Ala. 2009) (emphasis in original) (citations omitted).

Here, Defendant argues Plaintiff cannot establish causation because the causation opinions of her experts are due to be excluded.  This court has ruled on Defendant's *Daubert* motion and permitted Dr. Rothrock to testify as to causation.  Accordingly, Defendant's motion for summary judgment on the basis that Plaintiff cannot present evidence of causation is due to be denied.

## VI.	CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's motion for summary judgment (Doc. 22) is due to be **DENIED**.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **May15, 2017.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 28th day of April 2017.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE