IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CYNTHIA RUSHING MURPHY,<br>as Personal Representative of the<br>Estate of Jerry Lenson Murphy,<br>Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:16-CV-143-WKW<br>[WO] |
| ROBERT C. PRECISE, | ) ) | |
| Defendant. | ) | |

## **ORDER**

Defendant objects to the Magistrate Judge's Memorandum Opinion and Order denying Defendant's motion to exclude the causation testimony of John F. Rothrock, M.D. (Doc. # 37) and to the Magistrate Judge's Report and Recommendation to deny Defendant's motion for summary judgment (Doc. # 38). The recommendation on summary judgment directly relates to the ruling on the motion to exclude the testimony of Dr. Rothrock. Based upon *de novo* review, the objections are due to be overruled.

Robert C. Precise, D.M.D., contends that Dr. Rothrock's causation testimony is based solely upon the temporal relationship of the tooth extraction to the injury. (Doc. # 37, at 3.) The parties do not dispute that, as the Magistrate Judge has found here and in a previous action, "a causation opinion based *solely* on on a temporal

relationship is not derived from the scientific method and is therefore insufficient to satisfy the requirements of Fed. R. Evid. 702." *Cartwright v. Home Depot U.S.A., Inc.*, 936 F. Supp. 900, 906 (M.D. Fla. 1996) (emphasis added). The dental procedure in question was extraction of teeth. The mere extraction of teeth, with a stroke temporally following, would be insufficient causation testimony. But Dr. Rothrock's testimony cannot be read to limit the facts to a simple dental procedure plus a deadly stroke soon thereafter.

The dental procedure does not "stand alone" in the causation analysis. There is very strong evidence of negligence in the breach of standards of care by Dr. Precise. The patient presented for a serious dental procedure with an active medical history of several comorbidities, including dyslipidemia type II diabetes, coronary artery disease, severe (and difficult to control) hypertension, prior stroke, and stage III kidney disease. Mr. Murphy was taking numerous medications, including multiple antihypertensives. It is undisputed that his death resulted from a massive pontine hemorrhage that occurred in the operating room immediately following the dental procedure, with evidence that his blood pressure increased from 174/87 immediately pre-op to 228/129 immediately after becoming unresponsive in post-op. There is also evidence that epinephrine, administered by Dr. Precise to Mr. Murphy, can cause acute hypertension.

Dr. Rothrock considered these comorbidities and the procedures used, and left out, by Dr. Precise. Based upon the totality of circumstances (including Dr. Rothrock's vast experience and knowledge, which is undisputed in the briefing) and the very significant breaches of standards of care (also undisputed) that this was no mere "dental procedure standing alone," Dr. Rothrock's testimony will significantly aid the trier of fact on the issue of causation.

With these additional observations, it is ORDERED as follows:

(1) Defendant's objections to the *Daubert* ruling and the recommendation on the motion for summary judgment (Docs. # 37, 38) are OVERRULED.

(2) The Recommendation of the Magistrate Judge (Doc. # 35) is ADOPTED.

(3) Defendant's motion for summary judgment (Doc. # 22) is DENIED.

DONE this 7th day of July, 2017.

    /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE