# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### DOTHAN DIVISION

| | | |
|---|---|---|
| CYNTHIA RUSHING MURPHY, Personal Representative of the Estate of Jerry Lenson Murphy, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. 1:16-CV-0143-SLB-DAB |
| ROBERT C. PRECISE, D.M.D., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The case is currently pending before the court on plaintiff's Objections to defendant's Witness and Exhibit Lists, (docs. 51, 52), defendant's Objections to plaintiff's Exhibit List, (doc. 49), and defendant's Objection to plaintiff's designation of deposition excerpts, (doc. 75). The court **ORDERS** as follows:

Rule 26(a)(3)(A) requires:

In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

(i) the name and, if not previously provided, the address and telephone number of each witness – separately identifying those the party expects to present and those it may call if the need arises;

(ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

> (iii)   an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises.

Fed. R. Civ. P. 26(a)(3)(A).   Subsection (B) requires the parties to file the following objections to the subsection (A) disclosures:  "any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii)."   *Id*. (B).   "An objection not so made – except for one under Federal Rule of Evidence 402 or 403 – is waived unless excused by the court for good cause."   *Id*.  However, "The listing of a potential objection does not constitute the making of that objection or require the court to rule on the objection; rather, it preserves the right of the party to make the objection when and as appropriate during trial.   The court may, however, elect to treat the listing as a motion "in limine" and rule upon the objections in advance of trial to the extent appropriate."   Fed. R. Civ. P. 26(a)(3) Advisory Committee Notes, 1993 Amendment,  146 F.R.D. 401, 637 (1993); *see, e.g.*, *Med. Ctr. of Cent. Georgia, Inc. v. Denon Digital Employee Benefits Plan*, No. 5:03CV32 (DF), 2005 WL 1073624, *1 n.1 (M.D. Ga. May 4, 2005)("Denon's objections to the pre-trial disclosures are not brought in a motion, but instead are simply 'disclosed' and filed with the Court as contemplated by Rule 26(a)(3) of the Federal Rules of Civil Procedure.   The Court, however, elects to treat the listed objections as a motion 'in limine' and, to the extent possible, rule upon the objections in advance of trial.  See Fed. R. Civ. Pro. 26 advisory committee's note.").

To the extent the admissibility of a document, deposition excerpt, and/or witness's testimony is clear, the court will treat the Objections as a Motion in Limine. However, to the extent the admissibility of a document, deposition excerpt, and/or witness's testimony turns on the context in which it may be offered, the court will reserve ruling.

## I. MEDICAL TREATMENT RECORDS

Pursuant to the court's Order on Pretrial Hearing, (doc. 67), the parties have –

stipulate[d] to the admissibility of and will offer as agreed-upon Exhibits copies of treatment records of the Plaintiff's decedent's from (1) Dixieland Dental; (2) Flowers Hospital for the admission on March 5, 2014; (3) Southeast Alabama Medical Center for the admission on March 5, 2014 through March 8, 2014; (4) non-contrasted brain CT scan performed at Flowers Hospital on March 5, 2014; (5) medical treatment records from Dr. Ruben Garcia; (6) Run Report from Dothan Ambulance Service transporting Jerry L. Murphy from Dixieland Dental to Flowers Hospital on March 5, 2014; (7) Run Report from Dothan Ambulance Service transporting Jerry L. Murphy from Flowers Hospital to Southeast Alabama Medical Center on March 5, 2014; (8) medical treatment records from Dr. Joseph Shalit; (9) medical treatment records from Dr. Marcello Branco; (10) medical treatment records from Dr. David A. Herf; (11) medical treatment records from Dr. Clyde Pence; and (12) medical treatment records from North Okaloosa Medical Center.

(Doc. 67 at 10.)

Therefore, the parties Objections to these exhibits, (plaintiff Exhibits 1, 3-8, and 11-15), and defendant's Exhibits 1, 33,[1] and 36), are **OVERRULED**.

---

[1]The court assumes that Exhibit 33, Medical Records of Okaloosa Cardiology, are included in the records of North Okaloosa Medical Center to which the parties have stipulated. If the court's assumption is erroneous, the court withholds ruling on plaintiff's Objection to defendant's Exhibit 33 until such documents are offered at trial.

Defendant contends that he will not seek to admit individual documents from Mr. Murphy's treatment records as separate exhibits. (Doc. 73 at 1.) Therefore, plaintiff's Objections to defendant's Exhibits 5-12, 14-17, and 37 are **SUSTAINED**. Defendant shall not offer any individual document or other part of Mr. Murphy's medical treatment records as an exhibit separate from the compete record of medical treatment as stipulated in the Pretrial Order.

Also, plaintiff objects to Mr. Murphy's medical treatment records to which there is no stipulation, *see* Exhibits 38, 39, 41, 42, and 45, [2] on the grounds that these records were

---

[2]The Exhibits are listed by defendant as:

    38. Medical Records of West Florida Hospital (1-379);

    39. Medical Records of Healthmark Regional Medical Center (1-410);

    . . .

    41. Medical Records of Dr. Amir Manzoor (1-16);

    42. Medical Records of Sacred Heart Medical Group – Crestview Neurology (Dr. Angela Thomas) (1-6); [and]

    . . .

    45. Medical Records of Aetna (1-231).

(Doc. 46 at 3.)

not produced or disclosed;[3] that the Exhibits are incomplete portions of Mr. Murphy's treatment records, and/or that the Exhibits the documents are immaterial or irrelevant.

Defendant contends that he does not intend to offer Exhibit 45, documents received from Aetna, an insurance carrier. Plaintiff's Objection to Exhibit 45 is **SUSTAINED**. As to whether the remaining exhibits, assuming defendant can establish the documents were disclosed, are due to be excluded as an incomplete record of Mr. Murphy's treatment and/or because they are immaterial or irrelevant,[4] the court declines to rule on these grounds prior to trial. Plaintiff may raise her objections to these Exhibits if and when defendant offers the Exhibits at trial.

## II. PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS

**BLOOD PRESSURE DEVICE**

Defendant lists the following Exhibits:

    21. Omron Automatic Wrist Blood Pressure Monitor (DLD-15)(Model HEM-629);

---

[3]Defendant contends that these records were "produced to Plaintiff's counsel (most were produced via correspondence dated December 13, 2016.)"

[4]Defendant contends that Mr. Murphy's medical history is "a key issue in this lawsuit;" therefore "these medical records are undeniably relevant." (Doc. 73 at 3.) The court does not assume that each and every medical treatment record is relevant to issues in this case. For example, evidence of Mr. Murphy receiving medical treatment for the flu in the distant past may not be relevant to making a fact of consequence in this case more or less probable. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

22.  Omron Automatic Wrist Blood Pressure Monitor, Instruction Manual (Model HEM-629);

23.  Photographs of Blood Pressure (DLD-15) Monitor Displays.

(Doc. 46 at 2.)  Plaintiff objects to Exhibits 22 and 23 on the ground that the documents were not produced and/or disclosed and that the documents may relate to medical records of patients other than Mr. Murphy.

The record does not indicate that the parties have taken issue with the accuracy of the blood-pressure readings taken from Mr. Murphy and/or the operation of the device used to measure his blood pressure.  Therefore, the relevancy[5] of the instruction manual is not apparent.  Also, the photograph of the display monitor of the device showing any reading except that of Mr. Murphy's blood pressure on the day of the incident is not apparently relevant.  The parties have listed the actual blood pressure device as an Exhibit without objection.

Nevertheless, assuming defendant ca establish that these documents were disclosed, the final determination of the relevancy of these Exhibits will await trial.  The court finds that whether the instruction manual for and the photographs of the blood pressure device are material, relevant, or unduly prejudicial or confusing must await trial.  Therefore, the court will reserve ruling on the relevancy of defendant's Exhibits 22 and 23 as a Motion in Limine.

---

[5]"Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

**APPOINTMENT SCHEDULE AND TREATMENT RECORDS OF OPERATORY 15**

Plaintiff objects to defendant's Exhibits 24, "Patient appointment schedule/registry (Dixieland Dental), Operatory 15, March 5-6 2014," and Exhibit 25, Treatment Records (redacted) regarding Operatory 15 treatment/procedures, March 2014." (Doc. 46 at 2; doc. 51 at 2-3.) From the description of these exhibits, it appears that this information about Mr. Murphy would be included in his treatment records and/or cumulative of other evidence, and also that information regarding other patients would be included. The court finds that whether these Exhibits – the schedule of the procedure room and treatment records from the treatment room, including dates other than March 5, 2014 and information about patients other than Mr. Murphy – are material, relevant, or unduly prejudicial, cumulative, and/or confusing must await trial. Therefore, the court will reserve ruling on plaintiff's Objections to defendant's Exhibits 24 and 25 as a Motion in Limine.

**RULE 26 DISCLOSURES**

Plaintiff objects to defendant's Exhibit 49, plaintiff's Initial Disclosures, and Exhibit 50, defendant's Initial Disclosure. In response, defendant states that he "does not intend to offer either party's initial disclosures for admission into evidence unless Plaintiff, in eliciting testimony or through argument, takes a position that would arguably warrant the introduction of such evidence." Plaintiff's Objections to Exhibits 49 and 50 are **SUSTAINED**. Defendant may use the Initial Disclosures as relevant to any argument made to the court and

outside the presence of the jury, but the Initial Disclosures are not admissible as evidence before the jury.

## EXPERT REPORTS

Plaintiff objects to Exhibits 66-68, which are the Expert Reports and attachments of defendant's experts: Dr. Michael G. Koslin, Dr. Guy Rosenstiel, and Dr. Wendy l. Wright. In response, defendant contends that he does not intend to offer the Expert Reports, but he does intend to offer the attached CV. He has separately listed the CV for each of his experts, (see Exhibits 54-56), to which plaintiff has not objected.

The court **SUSTAINS** plaintiff's objection to the expert reports and attachments, Exhibits 66-68.

## CATEGORICAL EXHIBITS

Defendant lists a number of Exhibits, Exhibits 53, 58-61, and 72-73, which are described in categories. These Exhibits are:

> 53. All records (including x-rays, radiology studies, and other diagnostic studies) from each and every other hospital, clinic, institution, physician, or other health care provider which has treated, cared for, or provided health care to Jerry Murphy at any time whatsoever;
>
> . . .
>
> 58. All documents which were requested in Defendant's Requests for Production of Documents to Plaintiff;
>
> 59. All documents, including but not limited to interrogatory and request for production responses, produced by any party in response to discovery requests or deposition notices issued in this matter;

60. All documents which have been subpoenaed by Defendant;

61. All documents which were (a) requested to be produced at, (b) produced at, (c) mentioned in, or (d) made exhibits to all depositions taken in this case;

. . .

72. Any exhibit which is obtained, discovered, or received between now and the time of the trial; [and]

73. Any rebuttal or impeachment exhibit, document, item, or thing.

(Doc. 46 at 3-4.) These exhibits are not listed with the specificity required in Fed. R. Civ. P. 26(a)(3)(A)(iii).

Rule 26(a)(3)(A)(iii) requires that the pretrial disclosures include "an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises." Fed. R. Civ. Pro. 26(a)(3)(A)(iii). "[C]omposite exhibits and catch all phrases" do not satisfy the requirements of Rule 26(a)(3)(A)(iii). *Blanco v. Capform, Inc.*, No. 11-23508-CIV, 2013 WL 12061862, *1 (S.D. Fla. Jan. 9, 2013). "[A]n exhaustive description of each document is not necessary; however, such description must be sufficient to put [the opposing party] on notice of exactly which documents [she] can expect to see at trial." *Med. Ctr. of Cent. Georgia, Inc. v. Denon Digital Employee Benefits Plan*, No. 5:03CV32 (DF), 2005 WL 1073624, *8 (M.D. Ga. May 4, 2005).

The court **SUSTAINS** plaintiff's objections to defendant's Exhibits 53, 58-61, and 72-73. Defendant shall not offer any document which he listed only in one of the composite or categorical Exhibits 53, 58-61, and 72-73.

**CURRICULUM VITAE/RESUME OF ANY OTHER TREATING PHYSICIAN OF JERRY MURPHY, INCLUDING BUT NOT LIMITED [TO] THOSE HEALTH CARE PROVIDERS LISTED IN THE WITNESS LIST OF DR. PRECISE**

Plaintiff objects to Exhibit 57 on the ground that defendant has not specifically identified the documents included in this Exhibit. Plaintiff did not object to Exhibits 54-56, which are the curriculum vitae [CV] for each of defendant's experts. In response, defendant contends that he has included this category "as a matter of caution against unknown testimony or evidence that may arise at trial." (Doc. 73 at 3.) As set forth above, categories of documents are not properly identified exhibits. Therefore, plaintiff's objection to the defendant's Exhibit 57, listed as the CV or resume of all of Mr. Murphy's treating physicians, is **SUSTAINED**. Nevertheless, any witness may be questioned on his or her background and, if offering opinion testimony, his or her qualifications to give opinion testimony.

**DEMONSTRATIVE AIDS**

Plaintiff objects to defendant's Exhibits 69 ("Charts, graphs, summaries, or other demonstrative aids depicting or summarizing the information contained in other exhibits and/or testimony") and 70 ("Blow-ups, enlargements, or any computerized images of any of the above for demonstrative purposes").

The court allows parties to use blow-ups and screen images of exhibits that are admitted during trial for demonstrative purposes only. The blow-ups and screed images are not themselves admitted as evidence. As to charts, graphs, and summaries, these may be admitted as evidence based on three conditions: the underlying documents were disclosed and/or produced; the underlying documents are admissible; and the chart, graph, or summary was disclosed in accordance with Rule 26(a) and/or (e). However, the problem with defendant's listed Exhibit 69 is that it does not comply with Rule 26(a)(3)(iii) as defendant has not listed the documents with any specificity.

Plaintiff's objections to Exhibits 69 and 70 are **SUSTAINED**. However, these documents may be used during trial after the admission of the Exhibits that have been enlarged, imaged, and/or summarized.

**DEFENDANT'S WITNESSES**

**STANDARD OF CARE AND CAUSATION**

Plaintiff objects to the following witnesses: (1) Michael Meeks and Pam Gilley, employees of Dixieland Dental; (2) Taylor Peters, the 9-1-1 operator; (3) Keshia Thompson and Greg Hansen, ambulance personnel who transported Mr. Murphy from Flowers Hospital to Southeast Alabama Medical Center; (4) physicians who treated Mr. Murphy prior to

March 5, 2014,[6] and (5) Nicholas Voss, M.D., who cared for Mr. Murphy following his brain hemorrhage. (Doc., 74 at 1.) Plaintiff objects to these witnesses on two grounds:

> 1. "Plaintiff objects to any of the above referenced witnesses providing any standard of care testimony with regard to Dr. Precise's care and treatment of the Plaintiff's decedent on the grounds that the said witnesses are not similarly situated to Dr. Precise by education, training or experience as required by § 6-5-548 of the Code of Alabama . . . ." (Doc. 52 at 2.)

> 2. "Plaintiff . . . objects to any of the above referenced witnesses' testimony as the same might relate to proximate cause on the grounds that (1) their opinions fail to meet the standard for reliable expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 US 579 (1993) and Rule 702 of the Federal Rules of Evidence and (2) said witnesses were not disclosed as proximate cause experts in compliance with the Court's Scheduling Order (Doc. 10) as amended (Doc. 20) nor were sufficient Rule 26 Disclosures provided with regard to any of said witnesses." (*Id.*)

In response, defendant states that his "defense will undertake no effort to solicit testimony from any of these witnesses concerning the applicable standard of care or Dr. Precise's adherence to that standard." (Doc. 74 at 2.) Therefore, without opposition, plaintiff's objection to the witnesses listed above offering testimony regarding the standard of care and/or defendant's breach of that standard is **SUSTAINED**.

Also, the court has held that Dr. Voss's opinion regarding the cause of Mr. Murphy's brain hemorrhage was not properly disclosed; therefore, plaintiff's objection to this testimony is **SUSTAINED**. However, Dr. Voss may testify as to Mr. Murphy's cause of

---

[6]These physicians are: Angela Adams, M.D.; Thomas W. Ballard, M.D.; James A. Barnes, M.D.; Michael G. Foley, M.D.; Hugh Holloway, M.D.; Mark Katzenstein, M.D.; Amir Manzoor, M.D.; Christopher L. Singley, M.D.; Amith Skandhan, M.D.; and Angela K. Thomas, M.D. (Doc. 74 at 1.)

death, which does not appear to be disputed; plaintiff's objection to Dr. Voss's testimony regarding cause of death is **OVERRULED**. The other treating physicians and the other listed witnesses may not offer expert opinion testimony regarding causation; therefore, plaintiff's objection to this testimony is **SUSTAINED**.

## HEALTH INSURANCE REPRESENTATIVES

Defendant lists "A representative of any and all/all health insurance carriers providing benefits to Jerry L. Murphy," as witnesses he may call. (Doc. 45 at 3.) In response to plaintiff's objection, defendant states that he "does not intend to call a representative of [Mr.] Murphy's health insurer(s)." (Doc. 74 at 2.) Testimony regarding Mr. Murphy's insurance benefits is inadmissible. Plaintiff's objection to these witnesses is **SUSTAINED**.

## REPRESENTATIVE OF OMRON AND HENRY SCHEIN & CO.

Defendant lists "A representative/technical specialist from Omron Healthcare, Inc.," and "A representative/technical specialist from Henry Schein & Co." as witnesses he may call. (Doc. 45 at 3.) Omron is the manufacturer of the blood pressure device and Henry Schein & Co. is the vendor of the electronic record-keeping system used at Dixieland Dental. Assuming defendant has disclosed these witnesses pursuant to Fed. R. Civ. P. 26(a) and (e), the ruling on whether their testimony is relevant is reserved for trial.

## WITNESSES DESCRIBED IN DOCUMENTS

Plaintiff objects to witnesses defendant may call described as:

26. Any and all current or former employees of Flowers Hospital whose identities are reflected in Jerry Murphy's medical records maintained

by Flowers Hospital and who provided medical care, treatment, or services to Murphy at any time.

27. Any and all current or former employees of Southeast Alabama Medical Center [SAMC] whose identities are reflected in Jerry Murphy's medical records maintained by SAMC and who provided medical care, treatment, or services to Murphy at any time.

28. Any and all current or former employees of North Okaloosa Medical Center [NOMC] whose identities are reflected in Jerry Murphy's medical records maintained by NOMC and who provided medical care, treatment, or services to Murphy at any time.

29. Any and all current or former employees of Healthmark Regional Medical Center [HRMC] whose identities are reflected in Jerry Murphy's medical records maintained by HRMC and who provided medical care, treatment, or services to Murphy at any time.

30. Any and all current or former employees of West Florida Hospital [WFH] whose identities are reflected in Jerry Murphy's medical records maintained by WFH and who provided medical care, treatment, or services to Murphy at any time.

31. Any and all healthcare providers who have provided care and/or treatment to Jerry L. Murphy for any reason at any time; this includes, but is not limited to, those healthcare providers whose records have been produced through authorization, subpoena, or discovery in this litigation, and providers who are identified in said medical records.

. . .

39. Any and all individuals identified or referenced in any party's initial disclosures, responses to interrogatories, responses to requests for production, other written request, or deposition who may possess discoverable or admissible information or testimony.

40. Any individual who authored or is listed as a recipient of any document or record referenced in the exhibit list of any party.

(Doc. 45 at 3-4.)

Rule 26(a)(3)(A)(i) requires a party to provide the opposing party "(i) the name and, if not previously provided, the address and telephone number of each witness – separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(i). Clearly, these witnesses are not named. Moreover, the court finds there to be no justification for failing to list a witness whose name appears on a document should a party perceive a potential need for that witness's testimony. Plaintiff's objection to these witnesses is **SUSTAINED**.

## DEPOSITION EXCERPTS

Plaintiff has filed notice of her intent to use portions of the deposition testimony of Dr. Guy Rosenstiel. (Doc. 64.) Defendant raises a number of objections to the relevancy and prejudice of the designated deposition testimony. These objections must await trial.

Pursuant to Rule 26(a)(3)(B), the only objections that are required before trial are objections to the use of the deposition pursuant to Fed. R. Civ. P. 32(a). Fed. R. Civ. P. 26(a)(3)(B). Rule 32(a)(1) set forth three condition to the use of all or part of a deposition at trial:

(A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

(C) the use is allowed by Rule 32(a)(2) through (8).[7]

---

[7]Rule 32(a)(2) through (8) state:

(2)  Impeachment and Other Uses.  Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.

(3)  Deposition of Party, Agent, or Designee.  An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

(4)  Unavailable Witness.  A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

(A)  that the witness is dead;

(B)  that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C)  that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D)  that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E)  on motion and notice, that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used.

(5)  Limitations on Use.

(A)  Deposition Taken on Short Notice. A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place – and this motion was still pending when the deposition was taken.

Fed. R. Civ. P. 32(a)(1)(footnote added).

To the extent that plaintiff intends to offer these excerpts from Dr. Rosenstiel's deposition during cross-examination pursuant to Fed. R. Civ. P. 32(a)(2), the court finds that the deposition excerpts are not subject to objection under Fed. R. Civ. P. 32(a)(1). Therefore, defendant's Objection to the excerpts pursuant to Fed. R. Civ. P. 32(a) are **OVERRULED**. Defendant's request that objections on the listed pages be deleted and not presented to the trier of fact is **GRANTED**. Moreover, the court declines to rule on

---

(B) Unavailable Deponent; Party Could Not Obtain an Attorney. A deposition taken without leave of court under the unavailability provision of Rule 30(a)(2)(A)(iii) must not be used against a party who shows that, when served with the notice, it could not, despite diligent efforts, obtain an attorney to represent it at the deposition.

(6) Using Part of a Deposition. If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.

(7) Substituting a Party. Substituting a party under Rule 25 does not affect the right to use a deposition previously taken.

(8) Deposition Taken in an Earlier Action. A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Fed. R. Civ. P. 32(a)(2)-(8). Nothing in the record indicates that Dr. Rosenstiel is not expected at trial. Therefore, the court assumes plaintiff intends to use his deposition testimony as impeachment and/or to contradict his testimony at trial. *Id*. (a)(2).

defendant's objections pursuant to Fed. R. Evid. 401-403; such objections should be returned when and if the deposition excerpts are offered.

**PLAINTIFF'S EXHIBIT LIST**

**DR. ROTHROCK'S CV**

Defendant objects to admission of Dr. Rothrock's CV "on the ground[ ] that Dr. Rothrock is due to be excluded as an expert witness." (Doc. 49 at 2.) Defendant's objection is **OVERRULED**. Dr. Rothrock may testify as set forth in the previous court orders. (Docs. 34 and 62.)

**DR. GARCIA'S CV**

Defendant objects on the ground that Dr. Garcia cannot offer expert testimony; therefore, his CV is irrelevant and its probative value is outweighed by unfair prejudice and confusing and misleading the jury. Defendant assertion of any prejudice or confusion is refuted by his listing the CV of every treating physician, including Dr. Garcia, as an Exhibit on his Exhibit List.[8] Nevertheless, plaintiff has withdrawn Exhibit 18; defendant's Objection is **SUSTAINED**.

---

[8]The court has excluded defendant's Exhibit 57, "Curriculum Vitae/Resume of any other treating physician of Jerry Murphy," on the ground that the Exhibit was an improper categorical exhibit.

**MEDICAL LITERATURE**

Defendant objects to plaintiff's Exhibits 19-26, (doc. 49 at 4-10), which are articles and case studies in medical literature,[9] the relevant portions of which plaintiff asserts she intends to read "after a proper foundation is established pursuant to [Fed. R. Evid.] 803(18)," (doc. 41 at 2-4). The parties have agreed that these articles will not be offered or read during trial.

---

[9]These articles and case studies are:

EXHIBIT 19. . . . *Barbas N et al. Dental chair intracerebral hemorrhage. Neurology 1987; 37:511-512*

EXHIBIT 20. . . . *Massalha R. et al. Fatal intracerebral hemorrhage during dental treatment. Isr J Med Sci 1996; 32:774-776*

EXHIBIT 21. . . . *Cawley C et al. Dental chair apoplexy. South Med J 1991; 84:907-909*

EXHIBIT 22. . . . *Brand H et al. Cardiovascular and neuroendocrine responses during acute stress induced by different types of dental treatment. Int Dent J 1995; 45:45-48*

EXHIBIT 23. . . . *Okada Y et al. Fatal subarachnoid hemorrhage associated with dental local anesthesia. Aust Dent J 1989; 34:323-325*

EXHIBIT 24. . . . *Bader J et al. Cardiovascular effects of epinephrine in hypertensive dental patients: summary. Agency for Healthcare Research and Quality. AHRQ publication #02-E005. March 2002*

EXHIBIT 25. . . . *Malamed S. Medical emergencies in the dental office. Edition 7. 2014, Elsevier Health Science*

EXHIBIT 26. . . . *Stroke and substance abuse. In Stroke: Pathophysiology, diagnosis and management. Fifth edition. 2011, Elsevier*

(Doc. 41 at 3-5.)

Therefore, defendant's objections are **MOOT**.

**LIST OF DIXIELAND DENTAL EMPLOYEES**

Defendant objects to plaintiff Exhibit 27, a list of Dixieland Dental employees. In response, plaintiff withdraws Exhibit 27 but states she will only use the list during voir dire examination of potential jurors.

Defendant's objection is **SUSTAINED**. Plaintiff may not seek to admit as evidence a list of Dixieland Dental employees.

**DEFENDANT'S DRAWING OF OPERATORY 15 AND THE SURROUNDING AREA**

Defendant objects to his admission of his hand-drawing of the area in the Dixieland Dental Office of Operatory 15 and the surrounding area, which is attached to his deposition. He contends that the sketch should not be offered on the ground that it is just a rough sketch and that it is not draw to scale; he also objects on the ground that the drawing is not relevant or material.

Plaintiff contends that defendant drew the sketch during questioning of where he was in relation to Mr. Murphy following the procedure at issue. Such information is relevant and would be helpful to the jury. The court does not have a copy of the exhibit and it does not have a scale diagram of the same area. Therefore, it cannot prejudge the accuracy or inaccuracy of the drawing. Therefore, it will not rule on the admissibility of Exhibit 28, the drawing itself, at this time.

**DIAGRAM OF TEETH**

Defendant objects to plaintiff's Exhibit 30, which is a diagram of teeth used during defendant's deposition. Defendant contends that this diagram is irrelevant and immaterial. The court disagrees. A set of teeth or a diagram may be helpful to the jury in understanding the procedure performed on Mr. Murphy. Defendant's objection is **OVERRULED**.

**OTHER EXHIBITS TO DEPOSITIONS**

Defendant objects to plaintiff's Exhibits 29, 31-36,[10] on the ground that these documents are included in Mr. Murphy's treatment record from Dixieland Dental. Plaintiff contends these objections are moot given the parties agreement regarding the treatment records. Defendant's Objections to plaintiff's Exhibits 29 and 31-36 are **SUSTAINED**. Plaintiff shall not offer any individual document or other part of Mr. Murphy's medical treatment records as an exhibit separate from the compete record of medical treatment as stipulated in the Pretrial Order.

**EXPERTS' BILLING RECORDS**

Defendant objects to plaintiff's Exhibits 38-40 on the ground that the description of the exhibit is vague, nonspecific and overly broad. In response plaintiff contends that she only intends to offer the billing records of the experts in order to show interest and/or bias.

---

[10]These Exhibits are listed as exhibits 3 and 5-8 to defendant's deposition, exhibit 1 to Dr. Michael Precise's deposition, and exhibit 1 to the deposition of Donna King. (Doc. 41 at 5.)

Defendant's Objections to Exhibits 38-40 are **SUSTAINED**. Nevertheless plaintiff may question the experts regarding their compensation for work on this case.

## MR. MURPHY'S DENTURES

Defendant objects to plaintiff admitting Mr. Murphy's dentures made by Dixieland Dental, Exhibit 44, on relevancy grounds as well as Ala. Code § 6-5-551. The dentures were part of the services/treatment Mr. Murphy sought on March 5, 2014. Therefore, the dentures may be relevant to show what happened that day. The court will not rule on the admissibility of the dentures at this time, except to state that they are not inadmissible pursuant to Ala., Code § 6-5-551.

## DEMONSTRATIVE AIDS

Defendant objects to plaintiff's Exhibits 45 ("enlargements of the relevant and pertinent parts of any exhibits listed above") and 46 ("demonstrative aids, including but not limited to x-rays, radiographs, CT scans, MRI scans, medical illustrations and/or enlargements of medical illustrations, video medical illustrations, video medical animations, anatomy models, diagrams, photographs, or other items that may be used for demonstrative purposes during the course of the trial of this case (such demonstrative aids are not expected to be offered into evidence as exhibits)")

The court allows parties to use enlargements of exhibits that are admitted during trial for demonstrative purposes only. Enlargements and demonstrative aids are not themselves admitted as evidence. Defendant's Objections to the admissibility of Exhibits 45 and 46 are

**SUSTAINED**.  However, enlargements and demonstrative aids may be used during trial after the admission of the underlying Exhibit.

**FAILSAFE EXHIBITS**

Plaintiff lists a number of Exhibits, which appear to be titled so as to include each and every document that plaintiff may possibly wish to introduce.  These exhibits are not listed with the specificity required in Fed. R. Civ. P. 26(a)(3)(A)(iii).  However, in response to defendant's Objections, plaintiff has withdrawn Exhibits 37, 41, 42, 48, 49, and 50.

The court **SUSTAINS** defendant's objections to plaintiff's Exhibits 37, 41, 42, 48, 49, and 50.  Plaintiff shall not offer any document included in its Exhibit List only in one of the composite or categorical Exhibits 37, 41, 42, 48, 49, and 50.

"Exhibit 47" states, "Plaintiff reserves the right to use any document necessary for the purpose of impeachment or rebuttal."  To the extent plaintiff seeks to admit documents that are "present[ed] at trial . . . solely for impeachment," those documents are not required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A).

## CONCLUSION

The Objections filed by the parties are **SUSTAINED** or **OVERRULED** as set forth in this Opinion and Order. The court reserves ruling at trial on certain objections as set forth herein.

**DONE** this 1st day of December, 2017.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE